## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## PLANO DIVISION

LISA LOVE,

     Plaintiff,

v.

BANK OF AMERICA, N.A.

     Defendant.

Civil Action No. _____

Demand for Jury Trial

## COMPLAINT

TO THE HONORABLE COURT:

Now comes, Plaintiff, Lisa Love ("Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, Bank of America, N.A. ("Defendant"), alleging as follows:

### INTRODUCTION

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and for Defendant's unlawful conduct in violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §§ 392 *et seq.*

2. The TCPA was legislated to prevent companies like Bank of America, N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

**JURISDICTION AND VENUE**

3.   Since Defendant conducts business in the state of Texas, this Honorable Court has personal jurisdiction over Defendant.

4.   Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Supplemental jurisdiction over the state law claim exists pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in this United States District Court pursuant to 28 U.S.C §1391(b)(2) because Plaintiff resides within the Eastern District of Texas and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**PARTIES**

6.   Plaintiff is a natural person residing in Collin County, in the city of Plano, Texas, and is otherwise *sui juris.* She is a "person" as defined by 47 U.S.C § 153(39).

7.   Defendant is a nationally chartered consumer finance institution, doing business in the state of Texas, with its principal place of business in Charlotte, North Carolina.

8.   At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

9.   Defendant is a "person" as defined by 47 U.S.C. §153 (39).

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (972) XXX-0483.

12. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (800) 536-1584 and (800) 531-7209.

13. Upon information and belief based on the manner, timing and frequency of the calls, Defendant's calls were placed with an automatic telephone dialing system.

14. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to autodial telephone calls to Plaintiff in connection with a consumer debt.

15. Defendant's automated calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A) during the period in which she received the calls object of this complaint.

18. On or about August 15, 2018, Plaintiff called Defendant's company at phone number (800) 536-1584, spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular telephone.

19. During the conversation, Plaintiff gave Defendant her full social security number and telephone number, in order to assist Defendant in identifying her and accessing Plaintiff's accounts before asking Defendant to stop calling her cellular telephone.

20. In her conversation with Defendant's representative on August 15, 2018, Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system. Defendant's representative acknowledged Plaintiff's request, but riposted that if she owed Bank of America, she would continue to receive calls on her cellular phone.

21. Despite Plaintiff's clear request for Defendant to cease calling her cellular phone, Defendant continued to place collection calls to Plaintiff after August 15, 2018.

22. Defendant continued to place collection calls to Plaintiff on her cellular telephone at least through October 2018.

23. Despite Plaintiff's request that Defendant cease placing automated calls to Plaintiff via an automatic telephone dialing system, Defendant continued to place at least one hundred eighty-four (184) telephone calls with an automatic telephone dialing system to Plaintiff's cellular telephone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT  - 47 U.S.C. § 227(b)(3)(B)

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

26. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Lisa Love, respectfully requests judgment be entered against Defendant, Bank of America, N.A., as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred eighty-four (184) for a total of ninety-two thousand dollars ($92,000.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

29. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Jeremy Lyon, respectfully requests judgment be entered against Defendant, Bank of America, N.A., as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: one hundred eighty-four (184) for a total of two hundred seventy-six thousand dollars ($276,000.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE TDCA
### TEX. FIN. CODE § 392.001 *et. seq.*

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

33. Defendant violated the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass Plaintiff at the called number. To wit, within the period of approximately 3 months, Defendant called Plaintiff's cellular phone at least 184 times.

34. . The aforementioned egregious conduct caused Plaintiff considerable anxiety and distress after having expressed to Defendant his admitted inability to pay the debt and his desire not to be called to his cellular phone.

WHEREFORE, Plaintiff, Lisa Love, respectfully requests judgment be entered against Defendant, Bank of America, N.A., as follows:

a. Awarding Plaintiff statutory damages of $100.00 for knowing/willful violation of the Texas Debt Collection Act;

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Awarding Plaintiff litigation costs and reasonably billed attorney's fees as Plaintiff's substantive remedy; and

d. Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

35. Plaintiff demands a jury trial on all issues so triable.

Dated: March 28, 2019.                    Respectfully submitted,

|  | By: */s/ Carlos C. Alsina* |
|--|--|
|  | Carlos C. Alsina-Batista |
|  | Texas Bar No. 24111072 |
|  | Attorney for Plaintiff, Lisa Love |
|  | The Law Offices of Jeffrey Lohman, P.C |
|  | 4740 Green River Rd., Ste 310 |
|  | Corona, CA 92880 |
|  | T: (657) 363-3331 F: (657) 246-1311 |
|  | E: CarlosA@jlohman.com |